IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| e-WATCH, INC. | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | NO. SA-12-CA-695 |
| | § | |
| ACTi CORPORATION INC. | § | |
| | § | |
| Defendant | § | |
| | § | |

## ORDER REGARDING CROSS-MOTIONS TO DISMISS

On July 17, 2012, Plaintiff e-Watch, Inc. (e-Watch) filed the instant suit alleging patent infringement by Defendant ACTi Corporation Inc. (ACTi) and seeking damages and injunctive relief. Jurisdiction is asserted on the basis of federal question jurisdiction. On September 14, 2012, Defendant filed a motion to dismiss for failure to serve process and failure to state a claim pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure (Doc. No. 8). On September 28, 2012, Plaintiff filed a response as well as a first amended complaint (Docs. No. 14 & 15, respectively). On December 14, 2012, Defendant filed an answer and asserted counterclaims for declaratory judgment of patent invalidity and non-infringement (Doc. No. 21). On January 3, 2013, Plaintiff filed a motion to dismiss Defendant's counterclaims (Doc. No. 22). Defendant filed a response (Doc. No. 29). Having considered Defendant's motion

1

to dismiss and Plaintiff's motion to dismiss, the Court finds that both motions should be denied.

## I. Factual Background

Plaintiff's first amended complaint alleges the following facts: Plaintiff develops and markets hardware, software, and services designed for central management of a multiplicity of safety, security, and access control devices, including modern professional security surveillance systems. Video surveillance systems originally involved closed circuit television cameras feeding monitors that required constant viewing by security personnel. With the introduction of the videocassette, the need for constant human monitoring became less essential. However, due to bandwidth limitations, the video images produced were relatively low quality. Plaintiff has developed and marketed a digital camera system, which, among other things, has the capacity to allow live monitoring and digital recording of high resolution, color images, onsite, offsite, or in distributed locations.

Plaintiff has registered the following United States Patents: (1) No. 6,970,183 (the '183 patent); (2) No. 7,228,429, (the '429 patent); (3) No. 7,733,371 (the '371 patent); and (4) No. 7,895,396 (the '396 patent). The '183 Patent describes technology for a multimedia surveillance and monitoring system, which can transmit sensor data using digital transmission over

2

both wired and wireless computer networks. It was issued on November 29, 2005. The '429 patent, the '371 patent, and the '396 patent describe network appliances designed to integrate a combination of monitoring devices and building support functions into a single device that can communicate over a single network. They were issued on June 5, 2007, June 8, 2010, and December 28, 2010, respectively.

Plaintiff contends that Defendant has infringed and continues to infringe the four patents by using, selling, and offering for use or sale products and services which incorporate e-Watch's patented technology. The infringing products include, but are not limited to, ACTi camera models ACM-3411, ACM-3401, ACM-3703, ACM-3701, ACM 7411, ACM 8511, ACM-3411, ACM-3401, ACM-3703, ACM-3701, ACM 7411, ACM 8511, TCM-5111, TCM-5311, TCM-5601, TCM-1111, TCM-1231, TCM-4201, TCM-4511, TCM-3511, TCM-7411, TCM-7811, and TCM-6630. Although Plaintiff has been and is willing to grant licenses to qualified parties, Defendant is offering for sale or use, or selling, or using these products without license or authority from Plaintiff. Plaintiff alleges violations of 35 U.S.C. §§ 271 and 285 and claims that the actions of Defendant have resulted in substantial lost profits to Plaintiff as well as unjust profits and enrichment to Defendant. Plaintiff contends that it will continue to suffer irreparable harm unless Defendant is enjoined by the Court.

In its answer to Plaintiff's first amended complaint, Defendant has asserted counterclaims seeking declaratory judgment of invalidity and non-infringement of all four patents.

Defendant requests dismissal on two grounds: (1) Plaintiff did not properly serve Defendant with process because it merely mailed the complaint to ACTi's principal office and (2) the complaint fails to state a claim upon which relief can be granted. Plaintiff also moves to dismiss Defendants' counterclaims for failure to state a claim upon which relief can be granted. The Court will address each in turn.

## II. Insufficient process

Rule 4(h) of the Federal Rules of Civil Procedure provides the requirements for proper service of process on a corporation. Specifically, a copy of the complaint must be served **in person** upon "an officer, a managing or general agent, or any other agent" authorized to receive service. Fed. R. Civ. P. 4(h)(1)(B) (emphasis added). Plaintiff does not dispute that it did not serve Defendant in person. Rather, Plaintiff contends that it followed Texas law for service of process. Rule 4(h) adopts the procedure of Rule 4(e)(1), which provides that service may be had by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located. Id. at 4(e)(1). Under Texas law, service of process may be made "by registered or certified mail,

4

with delivery restricted to addressee only, return receipt requested." Tex. R. Civ. P. 106. Rule 106 further provides that "[u]nless the citation or an order of the court otherwise directs, the citation shall be served by [an] officer authorized by Rule 103." **Id.** The three officers authorized to serve process are the sheriff, constable, and clerk of court. **Id.** at 103.  No authorized officer was involved in Plaintiff's attempt to make service by mail. Plaintiff sent the summons and complaint. Thus, Defendant is correct that it was not properly served.

Rule 4(m) of the Federal Rules of Civil Procedure permits a district court to dismiss a case without prejudice if the plaintiff fails to serve the defendant within 120 days of filing the complaint. **Thompson v. Brown,** 91 F.3d 20, 21 (5th Cir. 1996). If, however, the plaintiff can establish good cause for failing to serve the defendant, the court must extend the time for service. **Id.** Even if the plaintiff lacks good cause, the court has discretionary power to extend the time for service. **Id.** Defendant admits that it ultimately received a copy of the summons and complaint. In fact, it had enough information to file a motion to dismiss as well as an answer and counterclaims. In the interest of judicial economy, the Court will extend the deadline for Plaintiff to perfect service.

### III. Failure to State a Claim

In its motion to dismiss, Defendant contends that Plaintiff has failed to adequately plead direct infringement.[1]  A claim for patent infringement arises when an unauthorized party "makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent . . ." 35 U.S.C. § 271(a). In a complaint for patent infringement under section 271(a), Form 18 of the Federal Rules of Civil Procedures provides the pleading standard. **In re Bill of Lading Transmission & Processing Sys. Patent Litig. (R+L Carriers, Inc. v. DriverTech LLC)**, 681 F.3d 1232, 1332 (Fed. Cir. 2012). Form 18 requires "(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages." **Id.** (quoting **McZeal v. Sprint Nextel Corp.**, 501 F.3d 1354, 1357 (Fed. Cir. 2007)). Plaintiff's First Amended Complaint (1) alleges jurisdiction; (2) states that Plaintiff owns the '183, '429, '371, and '396 patents; (3) states that Defendant is

---

[1] Defendant also contends that Plaintiff has failed to adequately plead indirect infringement. That contention is curious, because Plaintiff has never alleged indirect infringement.

6

infringing the four patents by selling, offering to sell, or importing products and services in the form of ACTi camera models that utilize the encoder firmware; (4) gives Defendant notice of its infringement, see 35 U.S.C. § 287(a); and (5) includes a prayer for relief in the form of an injunction and damages. Thus, Plaintiff's first amended complaint adequately pleads direct infringement of its four patents.

In its motion to dismiss Defendant's counterclaims, Plaintiff also contends that Defendant has failed to adequately plead its claims of patent invalidity and non-infringement. Under Section 282 of the Patent Act of 1952, "[a] patent shall be presumed valid" and "[t]he burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity." 35 U.S.C. § 282.  An invalidity defense must be proved by clear and convincing evidence. **Microsoft Corp. v. i4i L.P.**, 564 U.S. __, 131 S.Ct. 2238, 2242 (2011). In its answer, Defendant alleges that all four patents are invalid because they fail to meet the conditions of patentability as set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112. Defendant's allegations simply list the elements of the claim without providing the requisite guidance in identifying the factual basis for each claim of invalidity (e.g., prior use bar, obviousness, etc.). The Court finds that Defendant should

7

be required to amend its pleading to include a more definite statement of its counterclaims of patent invalidity.

Defendant also asserts counterclaims seeking declaratory judgment of non-infringement of the four patents. Plaintiff contends that these should be dismissed because they mirror the issues raised in Plaintiff's complaint. The Court disagrees. Defendant's counterclaims for non-infringement are not a mirror image of Plaintiff's complaint. Rather, the counterclaims of non-infringement seek affirmative relief that is qualitatively different from a finding that Plaintiff has not met its burden of proving its claims. See **Cardinal Chem. Co. v. Morton Int'l, Inc.**, 508 U.S. 83, 95-6 (1993) (holding that counterclaims seeking declaratory judgment of a patent's invalidity or unenforceability raise issues beyond the initial claim for infringement that are not disposed of by a decision of non-infringement). Thus, Defendant's counterclaims of non-infringement should not be dismissed.

It is therefore ORDERED that Defendant's motion to dismiss (Docket No. 8) be, and it is hereby, DENIED.

It is further ORDERED that Plaintiff perfect service on Defendant within 14 days of the entry of this Order.

It is further ORDERED that Plaintiff's motion to dismiss Defendant's counterclaims (Docket No. 22) be, and it is hereby, DENIED.

It is further ORDERED that Defendant file an amended answer and counterclaim within 14 days of the entry of this Order, stating with specificity the factual basis for its claims of patent invalidity.

SIGNED AND ENTERED this 22nd day of April, 2013.

HARRY LEE HUDSPETH
SENIOR UNITED STATES DISTRICT JUDGE